IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| PATRICK KLANCAR, | : | Case No. 1:20-cv-730 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | : | |
| Defendant. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 43), OVERRULING OBJECTIONS (Doc. 46), AND TERMINATING CASE**

This action is before the Court on Magistrate Judge Karen L. Litkovitz's Order and Report and Recommendation. (Doc. 43.) Magistrate Judge Litkovitz recommends that Hartford's motion for judgment on the administrative record (Doc. 32-1) be granted, that Hartford's request for attorney fees be denied, and that Klancar's motion for judgment on the administrative record (Doc. 36) be denied. Klancar filed objections to the Report and Recommendation. (Doc. 46.) Hartford filed a response in opposition to Klancar's objections. (Doc. 47.) Klancar filed a reply in support his objections. (Doc. 49.) As such, this matter is ripe for review.

Klancar argues that the Report erroneously applies a higher burden of proof than required under Hartford's Benefit Plan; erroneously relies on the paid file reviewers' opinions; and erroneously concludes that Dr. Rissover's opinions and Klancar's own reports to Hartford are not supported by evidence. As required by 28 U.S.C. § 636(b) and

Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon such review, the Court finds that Klancar's objections are not well-taken.

To succeed in a claim for disability benefits under ERISA, a plaintiff must prove by a preponderance of the evidence that he was "disabled," as that term is defined in the Plan. *Bruton v. Am. United Life Ins. Corp.*, 798 F. App'x 894, 901 (6th Cir. 2020). The Plan here defines "disabled" to mean a participant who is "prevented from performing one or more of the Essential Duties" of (1) "Your Occupation during the Elimination Period," (2) "Your Occupation, for the 24 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings," and (3) "after that, Any Occupation." (Doc. 22 at Pg. ID 1968.)

This Court's own de novo review finds that the Report correctly explains why Klancar failed to satisfy his burden. Of particular note, the Report explains why Dr. Rissover's opinions are insufficient to lead to a finding of disability. Accordingly, Klancar's objections are accordingly **OVERRULED**. The Court **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** Hartford's motion for judgment on the administrative record (Doc. 32-1), **DENIES** Hartford's request for attorney fees, and **DENIES** Klancar's motion for judgment on the administrative record (Doc. 36). This action is hereby **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

By: *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

JUDGE MATTHEW W. McFARLAND